1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WALTER LEE COLE,

11              Petitioner,              No. CIV S-10-2042 FCD CKD P

12        vs.

13   G. SWARTHOUT,                       ORDER AND

14              Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner is a California prisoner proceeding pro se with a petition for writ of

17   habeas corpus under 28 U.S.C. § 2254.  Petitioner was convicted in the Superior Court of Solano

18   County for committing several offenses against a correctional officer at California State Prison,

19   Solano in October of 2006 including assault with a deadly weapon.  Petitioner is serving a

20   sentence of 29-years-to-life imprisonment.  Pet. at 8.[1]  Respondent has filed a motion requesting

21   that this matter be dismissed as time-barred.  On the last page of petitioner's habeas petition,

22   petitioner indicates, under the penalty of perjury, he submitted his petition to prison officials for

23   /////

24

25   _____

26        [1] When referencing petitioner's application for writ of habeas corpus, the page numbers
     identified are those assigned by the court's electronic docketing system.

                                        1

1  mailing on June 12, 2010.[2]  The court deems this action commenced as of that date.  See Houston

2  v. Lack, 487 U.S. 266, 270 (1988).

3        Title 28 U.S.C. § 2244(d)(1) provides as follows:

4        A 1-year period of limitation shall apply to an application for a writ
      of habeas corpus by a person in custody pursuant to the judgment
5        of a State court.  The limitation period shall run from the latest of –

6        (A) the date on which the judgment became final by the conclusion
      of direct review or the expiration of the time for seeking such
7        review;

8        (B) the date on which the impediment to filing an application
      created by State action in violation of the Constitution or laws of
9
      the United States is removed, if the applicant was prevented from
10        filing by such State action;

11        (C) the date on which the constitutional right asserted was initially
      recognized by the Supreme Court, if the right has been newly
12        recognized by the Supreme Court and made retroactively
      applicable to cases on collateral review; or
13
      (D) the date on which the factual predicate of the claim or claims
14        presented could have been discovered through the exercise of due
      diligence.
15

16        Petitioner appealed his convictions and sentences to the California Court of

17  Appeal.  A decision was rendered with respect to the appeal on November 4, 2008.  Mot. To

18  Dismiss, Ex. A.  Petitioner sought review of that decision in the California Supreme Court.  Mot.

19  To Dismiss, Ex. B.  The petition for review was denied January 14, 2009.  Mot. To Dismiss, Ex.

20  D.  Direct review with respect to the convictions at issue in this action became final for purposes

21  of § 2244(d)(1)(A) 90 days later on April 14, 2009 when time expired for petitioner to seek a writ

22  of certiorari with respect to the California Supreme Court's denial of petitioner's request for

23  review.  See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("We hold that the period of

24

25      [2]  The court finds it strange that petitioner's habeas petition did not actually arrive in this
court until August 2, 2010.  However, respondent does not challenge the fact that petitioner did
26  give his petition to prison officials on June 12, 2010.

1    'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can

2    file a petition for a writ of certiorari from the United States Supreme Court, whether or not the

3    petitioner actually files such a petition.").  Absent tolling, the limitations period applicable to this

4    action began running the next day on April 15, 2009.

5            Title 28 U.S.C. §2244(d)(2) provides that "the time during which a properly filed

6    application for State post-conviction or other collateral review with respect to the pertinent

7    judgment or claim is pending shall not be counted toward any period of limitation under this

8    subsection."  Respondent concedes and points to evidence indicating that the limitations period

9    was tolled under § 2244(d)(2) between April 15 and June 10, 2009 while a petition for collateral

10   review was pending in the California Supreme Court.  Respondent argues that because there is no

11   basis to toll the limitations period beyond June 10, 2009, the limitations period began to run the

12   next day and ran out one year later on June 10, 2010.

13           Petitioner agrees that the limitations period commenced on June 11, 2009.  He

14   asserts his petition is saved because it was filed on June 11, 2010.[3]  However, even if the court

15   agrees, petitioner still filed one day late.

16           The court notes that on April 18, 2011, petitioner filed a sur-reply with respect to

17   the pending motion to dismiss.  Sur-replies are generally not permitted.  <u>See</u> Local Rule 230.

18   Because petitioner did not obtain leave to file a sur-reply, his sur-reply will be stricken.  Even if

19   the court considered the arguments raised in the sur-reply, petitioner would fare no better.

20   Petitioner asserts the court should waive the limitations period applicable to this action because it

21   would promote "the interests of justice."  However, petitioner fails to elaborate why that would

22   be so and fails to point to any authority suggesting the court, under any circumstance, may waive

23   the limitations period.  Also, petitioner asserts that this action should be deemed timely-filed

24   because mail is not collected by correctional officers at his prison on Fridays or Saturdays.

25
26           [3]  While it is not entirely clear why petitioner believes he filed his petition on June 11,
     2010, the court notes that is the day he signed his petition.  Pet. at 6.

                                                     3

1    However, this is a matter of no consequence since the last day petitioner could submit his

2    petition to prison officials for mailing was June 10, 2010, a Thursday.

3            Because there is no basis to toll the limitations period applicable to this action

4    beyond June 10, 2009, the limitations actions applicable to this action ran out on June 10, 2010,

5    two days before petitioner commenced this action.  Therefore, the court will recommend that

6    respondent's motion to dismiss be granted and this case be closed.

7            Accordingly, IT IS HEREBY ORDERED that the sur-reply filed by petitioner on

8    April 18, 2011 is stricken.

9            IT IS HEREBY RECOMMENDED that:

10           1.  Respondent's January 11, 2011 motion to dismiss be granted; and

11           2.  This case be closed.

12           These findings and recommendations are submitted to the United States District

13   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

14   one days after being served with these findings and recommendations, any party may file written

15   objections with the court and serve a copy on all parties.  Such a document should be captioned

16   "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner

17   may address whether a certificate of appealability should issue in the event he files an appeal of

18   the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district

19   court must issue or deny a certificate of appealability when it enters a final order adverse to the

20   applicant).  Any reply to the objections shall be served and filed within fourteen days after

21   service of the objections.  The parties are advised that failure to file objections within the

22   /////

23   /////

24   /////

25   /////

26   /////

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

F.2d 1153 (9th Cir. 1991).

 Dated: August 11, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cole2042.157